————————o————————

## PICTORIAL PRINTING CO. v. DOUSSAN FRENCH PERFUMERY CO.

### Syllabus.

The Pleadings and Practice Act of 1914, No. 300, must be interpreted strictly.

Plaintiff will not be entitled to judgment upon defendant's answer unless the material allegations of the petition are clearly and specifically admitted, or unless they are not specifically denied.

An answer denying separately and by paragraphs the allegations of paragraphs two and three of the petition which alone set forth plaintiff's cause of action and the amount of indebtedness claimed, is a sufficient compliance with the law requiring a specific denial of the material allegations of the petition.

Appeal from the Civil District Court, Parish of Orleans. No. 116,316, Division "C"; Honorable E. K. Skinner. Judge. Reversed.

C. L. Johnson, for plaintiff and appellee.

S. F. Gautier, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This case involves the interpretation of Act 300 of 1914, p. 611, Amending Act 157 of 1912, p. 225, known as the Pleadings and Practice Act. The plaintiff obtained a judgment upon defendant's answer, from which the latter has appealed.

Plaintiff alleged:

11. "That the Doussan French Perfumery Company, Inc., a corporation organized and doing business under the laws of the State of Louisiana, domiciled in this city, is justly and truly indebted unto your petitioner in the full sum of $383.55 for goods and merchandise sold and delivered to the said Doussan French Perfumery Company, Inc., to the amount of $383.55 as detailed and set forth on the annexed duplicate invoices and account filed herewith and made part hereof."

111. "Petitioner further shows that said account is past due and unpaid, notwithstanding repeated amicable demand."

The account annexed to the petition is composed of the following items:

| | | |
|---|---|---|
| Boxes unlabeled | | $13.00 |
| Labels | $15.00 | |
| Face Powder boxes | 64.00 | |
| "    "    " | 60.00 | |
| Perf. boxes | 21.75— | 160.75 |
| Gold Seals | 25.00 | |
| Neck Bands | 8.50 | |
| Small Seals | 15.00— | 48.50 |
| Quinine Labels | | 16.50 |
| Cold Cream Jars | 32.45 | |
| "    "    " | 39.95 | |
| "    "    " | 32.45 | |
| "    "    " | 39.95— | 144.80 |
| | | |
| Total | | $383.55 |

51

To this petition the defendant filed the following answer:

1st. * * *

2nd. "Respondent admits its corporate existence as set forth in § 2 of plaintiff's petition, but in all other respects denies the allegations of said § 2; specially denying it is indebted to plaintiff in the sum set forth."

3rd. Respondent denies the allegations set forth in § 3 of plaintiff's petition."

4th. "Further answering respondent avers that the item of merchandise described as 'Gold Seals' in the sum of $48.50 shown on the invoice annexed to plaintiff's petition, was returned to plaintiff some time in August, 1915, and plaintiff has since been in possession of said merchandise; the reason for such return being due to defects in said merchandise; all of which is fully known to plaintiff, and for which reason it accepted the return of said merchandise and cancellation of said order."

5th. "Further answering respondent avers that the item of merchandise described in the invoice attached to plaintiff's petition, covering the sum of $144.80 for jars is not due for the reason that said jars were not delivered as ordered and are therefore of no use whatever to respondent; that plaintiff has been repeatedly notified of the defect and requested to send for said merchandise, but has failed to do so, with the full knowledge that said jars were not such as had been ordered and were of no use to respondent, all as will be fully shown on the trial of this cause."

"Wherefore respondent prays for judgment in its favor dismissing plaintiff's suit with costs and for all general relief." ..

The answer was duly verified as required by § 5 of said act.

Proceeding under §4, the plaintiff took the following rule:

"On motion of Claude L. Johnson, attorney for plaintiff, and on suggesting to the Court, that on the answer filed herein by the defendant, mover is entitled to obtain judgment at this time in the sum of $190.25 with full reservation of mover's rights to make proof of the balance of the claim sued on when the case is regularly fixed for trial, it is ordered by the Court that the Doussan French Perfumery Company, Inc., do show cause on Friday, May 19th, why judgment should not be rendered and entered in this cause, at this time, for the sum of $190.25, with full reservation of the right of plaintiff to prove up and demand the balance of the claim sued on when this case is regularly fixed for trial."

The rule was made absolute and judgment was rendered in favor of plaintiff for $190.25, from which the defendant has filed the present appeal to this Court.

§ 1 of Section 1 of the Act provides:

"The plaintiff in his petition shall state his cause of action articulately, that is to say, he shall, so far as practical, state each of the material facts upon which he bases his claim for relief in a separate paragraph, separately numbered, etc."

2nd. "The defendant, in his answer, shall either admit or deny specifically each material allegation or fact contained in plaintiff's petition, etc."

3rd. "All material allegations of fact contained in the petition which are not denied in the answer shall be deemed to be admitted."

4th. "At any time after the answer is filed the plaintiff may by rule submit to the Court the question of his right to a judgment upon the petition and answer. For the purpose of the trial of usch rule all material allegations of fact contained in the petition and not denied in the answer and all allega-

tions of fact contained in the answer, shall be deemed and taken as true, etc."

"If, upon the consideration of the petition and answer as above provided, the Court shall be of the opinion that the plaintiff is entitled to a judgment it shall proceed to render sign such judgment in the same manner and form and with the same effect as if a trial had been had upon evidence regularly adduced, and such judgment shall constitute for all purpose a definitive judgment, etc."

"If upon consideration of the petition and answer, as above provided, the Court shall be of the opinion that the plaintiff is not entitled to a judgment, it shall dismiss the rule, etc."

There are, therefore, two conditions under which the plaintiff may obtain a judgment upon defendant's answer. They are: First, when the defendant specifically or expressly admits the material allegations of the petition, and second, when he fails to deny them specifically, in which case he is held to have implicitly admitted them, or "they are deemed to be admitted." In both cases the statute must be interpreted strictly. The admission must be plain and precise and unequivocal; and in case of doubt it will be interpreted in favor of the defendant. The implied admission resulting from defendant's omission to make a specific denial is a penalty, and will not be enforced unless clearly incurred.

It cannot be said that there is any specific or express admission of plaintiff's claim contained in defendant's answer which is replete with denials.

Nor do we see that defendant has failed to "deny specifically each material allegation or fact contained in plaintiff's petition. Defendant in two paragraphs denied the allegations of plaintiff's petition contained in § 2 and 3.

These are the only two paragraphs setting forth plaintiff's cause of action and claim. *Newspaper Feature Service v. So. Publg. Co., No. 6688, Ct. Appeal.* (13 *Ct. of App.*, 406.)

The fact that defendant expatriated upon his grounds of defense and explained them in two additional paragraphs, 4 and 5 of his answer, did not mitigate or modify the denials contained in paragraphs 2 and 3, but on the contrary emphasized and explained them.

For these reasons we are of the opinion that the plaintiff was not entitled to a judgment upon defendant's answer. Plaintiff's rule for judgment is therefore dismissed and the judgment making it absolute is reversed at plaintiff's cost.